IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-371-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHAWNELL J-VON TERRY, | ) | |
| | ) | |
| Defendant. | ) | |

On September 19, 2024, Shawnell J-Von Terry ("Terry" or "defendant") moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("Amendment 821") [D.E. 65], filed exhibits in support [D.E. 66], and moved to seal those exhibits [D.E. 67]. On March 13, 2025, probation filed a report concerning Terry's motion for a sentence reduction [D.E. 70]. In that report, the United States recognized the court's discretion to reduce Terry's sentence [D.E. 70-1]. Terry asks the court to reduce his sentence on count two from 71 months' imprisonment to 46 months' imprisonment [D.E. 70-2]. As explained below, the court denies Terry's motion for a sentence reduction and grants Terry's motion to seal.

I.

On October 15, 2020, Terry, with a written plea agreement, pleaded guilty to possession with intent to distribute a quantity of heroin (count two) and possession of a firearm in furtherance of a drug trafficking crime (count three). See [D.E. 18, 20]. On August 23, 2021, the court held Terry's sentencing hearing. See [D.E. 48, 51]. At the sentencing hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 51] 4–5; PSR [D.E. 28]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Terry's total offense level to be 21, his

criminal history category to be IV, and his advisory guideline range to be 57 to 71 months' imprisonment on count two and 60 months' consecutive imprisonment on count three. See [D.E. 51] 5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Terry to 71 months' imprisonment on count two and 60 months' consecutive imprisonment on count three for a total sentence of 131 months' imprisonment. See id. at 5–28; [D.E. 49]. Terry did not appeal.

On January 27, 2022, Terry, proceeding pro se, moved for a sentence reduction because of "hardship" suffered from incarceration during the COVID-19 pandemic. See [D.E. 52]. On May 18, 2022, the United States moved to dismiss Terry's motion for a sentence reduction for failure to state a claim and filed a memorandum in support. See [D.E. 55, 56]. On July 1, 2022, the court granted the government's motion and dismissed Terry's motion without prejudice for failure to exhaust administrative remedies. See [D.E. 57]. Terry did not appeal.

On August 15, 2022, Terry, proceeding pro se, again moved for a sentence reduction because of "hardship" suffered from incarceration during the COVID-19 pandemic. See [D.E. 58]. On November 4, 2022, the United States responded in opposition. See [D.E. 60]. On November 18, 2022, the court denied Terry's motion. See [D.E. 61]. Terry did not appeal.

II.

Under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by changes to the United States Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); see United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019); United States v. Williams, 808 F.3d 253, 257–58 (4th Cir. 2015). A sentence reduction under 18 U.S.C. § 3582(c)(2) must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing

2

Commission policy statements. See 18 U.S.C. § 3582(c)(2); Williams, 808 F.3d at 257. The Sentencing Commission policy statement in U.S.S.G. § 1B1.10 applies to section 3582(c)(2) proceedings. See Dillon v. United States, 560 U.S. 817, 819, 821 (2010); Martin, 916 F.3d at 396; Williams, 808 F.3d at 258.

The sentencing court follows a two-step inquiry when reviewing motions for sentence reductions under section 3582(c)(2). See Dillon, 560 U.S. at 826–27; Martin, 916 F.3d at 396; Williams, 808 F.3d at 258. First, the sentencing court must review the Sentencing Commission's instructions in U.S.S.G. § 1B1.10 "to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Williams, 808 F.3d at 257–58 (quotation and emphasis omitted). At this step, section 1B1.10 requires the court to begin by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Dillon, 560 U.S. at 827 (cleaned up). If the court determines that the defendant is eligible for a sentence reduction, "the court moves to the second step and determines the extent of the reduction." Williams, 808 F.3d at 258. At step two, section 3582(c)(2) "instructs a court to consider any applicable [section] 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827; see, e.g., United States v. Navarro-Melendez, No. 1:18-CR-91, 2024 WL 1722524, at *1 (W.D.N.C. Apr. 22, 2024) (unpublished); United States v. Pledger, No. 2:12-CR-23, 2017 WL 3495723, at *1–2 (E.D.N.C. Aug. 14, 2017) (unpublished).

In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law,

3

and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81, 490 (2011); United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. High, 997 F.3d 181, 187–91 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 329–30 (4th Cir. 2021) (per curiam); United States v. McDonald, 986 F.3d 402, 410–12 (4th Cir. 2021); Martin, 916 F.3d at 395–98.

Terry moves for a sentence reduction based on Amendment 821 Part A. See [D.E. 70] 1; [D.E. 70-2]. Amendment 821 Part A, which became effective on November 1, 2023, amended Chapter Four of the Sentencing Guidelines by striking the old section 4A1.1(d). See U.S.S.G. app. C, amend. 821. Before Amendment 821, section 4A1.1(d) added two status points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Id. at § 4A1.1(d). Section 1B1.10 authorizes a court to reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) using Amendment 821. See id. at § 1B1.10(d).

At step one, the court calculates Terry's new advisory guideline range to be 46 to 57 months' imprisonment based on a total offense level 21 and a criminal history category III. See [D.E. 70] 1. Terry's new total offense level remains the same as his previous total offense level. In accordance with Amendment 821 Part A, the court removes the two status points assessed under U.S.S.G. § 4A1.1(d) for a defendant who committed his offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status if a defendant has six or fewer points under U.S.S.G. § 4A1.1(a)–(d). Thus, Terry is a criminal history category III. See [D.E. 70] 1.

At step two, the court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-

4

Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 490–93; Smith, 75 F.4th at 464–66; United States v. Troy, 64 F.4th 177, 184 (4th Cir. 2023); United States v. Swain, 49 F.4th 398, 402 (4th Cir. 2022); United States v. Chambers, 956 F.3d 667, 671–75 (4th Cir. 2020), abrogated on other grounds by Concepcion v. United States, 597 U.S. 481 (2022); United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished).

Terry is 29 years old and engaged in serious criminal behavior. See PSR ¶¶ 9–17. On March 21, 2020, Terry took part in a gunfight at a motel in Henderson, North Carolina. See id. at ¶¶ 9–12. During the gunfight, a bystander sustained gunshot wounds to her left shoulder and left thigh. See id. at ¶ 12. Responding law enforcement officers searched Terry's room and discovered a stolen, loaded .45 caliber handgun, 100.6 grams of heroin, and several spent .357 caliber shell casings. See id. at ¶ 11. Law enforcement located Terry at a local hospital where he was receiving treatment for a grazing gunshot to his face, but Terry declined to cooperate. See id. at ¶ 12. On March 27, 2020, law enforcement reviewed video footage showing Terry purchase a box of .357 caliber ammunition at a pawn shop. See id. at ¶ 13. On May 1, 2020, law enforcement organized a controlled purchase of 12 grams of heroin from Terry through a confidential informant. See id. at ¶ 14. On May 26, 2020, Terry was arrested after an officer observed a bag being thrown from the passenger window of a car in which Terry was a passenger. See id. at ¶ 15. Officers recovered the bag and discovered narcotics, including heroin and fentanyl. See id. at ¶ 16. Ultimately, Terry is accountable for possessing or distributing 112.6 grams of heroin and 46.32 grams of fentanyl. See id. at ¶ 17.

Terry cites some positive steps he has taken while federally incarcerated, such as participating in educational programming, working to obtain his GED, maintaining work assignments, and paying his special assessment. See [D.E. 70-2] 1; [D.E. 70-3] 1–14; cf. Pepper,

5

562 U.S. at 491–92. Terry, however, committed a serious infraction while in federal custody when he fought another person in 2023. See [D.E. 70-2] 1; [D.E. 70-3] 15–16.

Terry asks the court to reduce his sentence on count two from 71 months' imprisonment to 46 months' imprisonment. See [D.E. 70-2] 1. This court disagrees with the Commission's retroactive policy change concerning status points. See Spears v. United States, 555 U.S. 261, 264–66 (2009) (per curiam) (acknowledging that a district court may reject and vary categorically from the guidelines based on a policy disagreement with the guidelines); Kimbrough v. United States, 552 U.S. 85, 108–11 (2007) (same); United States v. Rivera-Santana, 668 F.3d 95, 101 (4th Cir. 2012) (same). The policy change ignores how status points help to promote respect for the law for every offender who commits a new crime while on supervision. In explaining its reasons for the Amendment, the Commission acknowledged that status points still serve multiple purposes of sentencing, including addressing the offender's lack of respect for the law. See U.S.S.G. supp. app. C, amend. 821, Reason for Amendment, 241 (explaining why the Commission retained status points for offenders in higher criminal history categories); U.S. Sent'g Comm'n Pub. Meeting Transcript, 27–28 (Aug. 24, 2023), https://www.ussc.gov/policy making/meetings-hearings (same). This court finds that status points serve an important purpose in promoting respect for the law for all offenders, not just offenders in higher criminal history categories. An offender who is on supervision when he commits a new crime shows even less respect for the law than an offender who is not on some form of supervision. A sentencing court may properly account for that difference in status in order to promote respect for the law under section 3553(a).

In any event, even if the court agreed with the Commission's new policy, the court would not reduce Terry's sentence. Terry's interactions with the criminal justice system for his serious

6

criminal behavior did not prevent even more serious criminal behavior. Terry's involvement in a gunfight which wounded a bystander is appalling. Moreover, Terry is a committed criminal. Before his federal conviction, Terry had state convictions for breaking and entering, larceny, felony common law obstruction of justice, and possession of a firearm by a felon. See PSR ¶¶ 22–24. Terry failed on probation twice following his state court convictions. See id. at ¶¶ 22, 24. Furthermore, Terry committed a serious infraction while in federal custody for his latest conviction. Terry's record demonstrates his contempt for the law.

The court has considered the entire record and all relevant policy statements. See Concepcion, 597 U.S. at 494–95 & n.4; Pepper, 562 U.S. at 490; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 410–12; Martin, 916 F.3d at 398. The court has balanced Terry's rehabilitation efforts while federally incarcerated with his serious criminal conduct, his escalating criminal history, his serious misconduct in federal prison, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. See Concepcion, 597 U.S. at 496–502; Pepper, 562 U.S. at 480–81; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. Having considered the entire record, the section 3553(a) factors, the parties' arguments, the need to punish Terry for his serious criminal behavior, to incapacitate Terry, to promote respect for the law, to deter others, and to protect society, the court denies Terry's motion for a sentence reduction. See, e.g., Concepcion, 597 U.S. at 496–502; Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020). Even if the court miscalculated the new advisory guideline range, the court would impose the same sentence as an alternative variant sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. §

3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

III.

In sum, the court GRANTS defendant's motion to seal [D.E. 67] and DENIES defendant's motion for a sentence reduction [D.E. 65].

SO ORDERED.   This _4_ day of August, 2025.

JAMES C. DEVER III<br>
United States District Judge